Charles Antoine Burgess,

Petitioner,

vs.

Warden Padula;
South Carolina Department of
Corrections,

Respondents.

) C/A No.2:10-2388-RMG-BSC
)
)
)
)
)
)
)                    Report and
)                    Recommendation
)
)
)

2010 NOV 23 A 11: 32

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition

filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

### Background

The instant petition for a writ of habeas corpus indicates that, subsequent to a guilty plea on January 11, 2010, Petitioner was sentenced in the Pickens County Court of General Sessions to five years of incarceration for the offenses of "DUI, Forgery, Failure to Stop for Blue Light, Resisting Arrest, False Information, Probation Violation for Common Law Robbery." ECF No. 1, page 1. Petitioner states that his state sentence was ordered to run concurrent to his federal sentence. *Id*.

Petitioner did not file a direct appeal of his state conviction, and further indicates that he has not filed "any other petitions, applications, or motions concerning this judgment of conviction in any state court." *Id*. at pages 2-3. Petitioner's sole ground for habeas relief alleges that he is "being held in state prison unlawfully" because he is "suppos[ed] to be doing

2

[his] sentence in the Federal Bureau of Prisons [BOP]." *Id.* at 5. Petitioner states that he received his "Federal time first" and that the South Carolina Department of Corrections (SCDC) is calculating his state sentence as if it is consecutive to, rather than concurrent to, Petitioner's federal sentence. *Id.* Petitioner seeks placement in BOP custody so that all of his time "will count." *Id.* at 14.

Petitioner's pleading clearly indicates that he has not exhausted his state remedies for purposes of challenging his state conviction and sentence under 28 U.S.C. § 2254. However, as it appears that Petitioner is attempting to challenge SCDC's calculation of his sentence, special interrogatories were prepared to determine whether Petitioner has exhausted his administrative remedies through the prison's grievance system. ECF No. 6. Petitioner failed to respond to the Court's Order directing him to answer the special interrogatories.

## Discussion

To the extent Petitioner is attempting to challenge his state conviction or sentence under § 2254, the instant pleading is clearly premature. With respect to his 2010 state convictions and sentences, Petitioner's federal remedy lies in a writ of habeas corpus under 28 U.S.C. § 2254. The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that

"[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . . The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted).[1]

In the present action, it is clear from the face of the pleading that Petitioner has not even attempted to seek review by a higher state court of his 2010 state convictions and sentences. Therefore, the grounds Petitioner could raise in a § 2254 petition

---

[1]

Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

have not been exhausted. *See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). *See also State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002).

Next, while it is possible that Petitioner is attempting to challenge the calculation of his state sentence under 28 U.S.C. § 2241, rather than the legality of his detention under § 2254, his action is still subject to summary dismissal. Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975). *See also McClung v. Shearin*, 2004 WL 225093, at **1 (4th Cir. Feb. 6, 2004)(citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). In the instant pleading, Petitioner states that he has written to his state and federal attorneys and SCDC's classification department. ECF No. 1, page 6. However, Petitioner, despite being given an opportunity to do so via special interrogatories, provides no information to indicate that he has utilized SCDC's grievance system to attempt correction of his allegedly improper sentence

calculation. As Petitioner fails to demonstrate exhaustion of his state or administrative remedies, any § 2254 or § 2241 habeas claim he may be alleging is subject to summary dismissal. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

<u>Recommendation</u>

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

November **23** , 2010  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).