IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Antoine Burgess, ) | Civil Action No. 2:10-cv-2333-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden Padula, South Carolina ) | |
| Department of Corrections. ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner filed this petition pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommended dismissing Petitioner's claims without prejudice and without service of process. (Dkt. No. 11). Petitioner has failed to object to the R&R. As shown herein, this Court has reviewed the Record for any clear errors of law and having found none, this Court agrees with the Magistrate Judge's report.

**Discussion**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

1

Further, in an action where a party is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, this Court has a duty to review allegations of the Complaint as early as practicable to determine if any clear legal bars exist on the face of the Complaint. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006) (citing § 1915(e)(2)(B)(i)-(ii) and outlining the duties of a district court with respect to *in forma pauperis* cases).

Having reviewed the Record for errors of law, this Court adopts the Magistrate Judge's recommendation. The law is clear, before submitting his Petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this case, Petitioner was required to seek review of his conviction from a higher state court and he has failed to do so. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Thus, Petitioner's request for relief is not proper at this time.

## Conclusion

Accordingly, the Complaint is **dismissed** without prejudice and without issuance of service of process.

## Certificate of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack*

2

v. *McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

							_____
							Richard Mark Gergel
							United States District Court Judge

December 17, 2010
Charleston, South Carolina